# Supreme Court of Florida

_____

No. SC15-1639
_____

**CRYSTAL SELLS, etc.,**
Petitioner,

vs.

**CSX TRANSPORTATION, INC.,**
Respondent.

[April 13, 2017]

PER CURIAM.

We initially accepted jurisdiction to review the decision of the First District Court of Appeal in Sells v. CSX Transportation, Inc., 170 So. 3d 27 (Fla. 1st DCA 2015), based on express and direct conflict. See art. V, § 3(b)(3), Fla. Const. Upon further consideration, we conclude that jurisdiction was improvidently granted. Accordingly, we exercise our discretion and discharge jurisdiction.

It is so ordered.

LABARGA, C.J., and POLSTON, and LAWSON, JJ., concur.
CANADY, J., concurs in result.
PARIENTE, LEWIS, and QUINCE, JJ., dissent.

NO MOTION FOR REHEARING WILL BE ALLOWED.

Application for Review of the Decision of the District Court of Appeal – Direct
Conflict of Decisions

First District - Case No. 1D13-4775

(Duval County)

John S. Mills and Andrew D. Manko of The Mills Firm, P.A., Tallahassee, Florida,

for Petitioner

Andrew J. Knight, II, of Moseley Prichard Parrish Knight & Jones, Jacksonville,
Florida; and Evan M. Tager and Michael B. Kimberly of Mayer Brown LLP,
Washington, District of Columbia,

for Respondent

Jeffrey R. White of Center for Constitutional Litigation, P.C., Washington, District
of Columbia,

for Amicus Curiae American Association for Justice

Daniel Saphire of Association of American Railroads, Washington, District of
Columbia; and Wendy F. Lumish and Alina Alonso Rodriguez of Bowman and
Brooke LLP, Miami, Florida,

for Amicus Curiae Association of American Railroads

Mark K. Delegal and Tiffany A. Roddenberry of Holland & Knight LLP,
Tallahassee, Florida; and William W. Large of Florida Justice Reform Institute,
Tallahassee, Florida,

for Amicus Curiae Florida Justice Reform Institute